| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BRYAN EUGENE GARNER, #21328-078 §
§
*versus* § CIVIL ACTION NO. 4:16-CV-857
§ CRIMINAL ACTION NO. 4:13-CR-142(1)
UNITED STATES OF AMERICA §

## MEMORANDUM OPINION AND ORDER

In a motion for relief pursuant to Rule 60(b)(4) (#9), *pro se* Movant Bryan Eugene Garner asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

### I.  MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc*., 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)).  "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted).  The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478.  The rule for reconsideration of a final judgment allows a court to alter or

amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously,  (3) the need to correct a clear error of law or fact,  or (4) to prevent a manifest injustice.  *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II.  DISCUSSION

The Court dismissed Movant's case because he failed to prosecute it.  In the instant motion for reconsideration, Movant does not  attempt to address his failure to prosecute, but instead, raises a new issue.  He claims that his conviction is void based on Texas Penal Code § 46.04(a)(1). Movant pled guilty, however, to the federal offense of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1).  He fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case.  *Id.*

Furthermore, Rule 2(b) of the Rules Governing Section 2255 Proceedings requires that motions filed pursuant to 28 U.S.C. § 2255 specify all the grounds for relief available to the moving party.  *See United States v. Saenz,* 282 F.3d 354, 355–356 (5th Cir. 2002). A movant may amend the section 2255 motion, but only in accordance with Federal Rule of Civil Procedure 15. *Id*. Here, Movant did not include the new claim in his original motion, and he did not seek leave to amend his motion; thus, the issue is waived.  Furthermore, even if it had merit, the new issue falls outside the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (a one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255). While the Court  construes *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89 (2007), courts are not tasked with litigating on behalf of *pro se* petitioners.

Neither are *pro se* petitioners exempt from complying with applicable local and federal rules. Movant fails to show he is entitled to relief from judgment.

### III.  CONCLUSION

It is therefore **ORDERED** that Movant's Motion for Relief from Judgment filed pursuant to Rule 60(b)(4) (#9) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of April, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE